UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>    Defendant. | Civil No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), files this lawsuit to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, — more specifically, the failure of the Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), to respond to Plaintiff's FOIA request (EPA-HQ-2017-010139) within 20 days as mandated by the statute.

2. On August 3, 2017, EIP submitted a FOIA request using the federal government's FOIAOnline website seeking records of expenditures for all travel outside of Washington, DC by Administrator Pruitt, as well as any EPA staff that accompanied the Administrator, from June 5, 2017 through June 12, 2017. EPA's response to EIP's FOIA request is outstanding.

3. EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced and are held by EPA.

1

4.   This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the Agency.

5.   EIP is a nonprofit organization that advocates for more effective enforcement of environmental laws. Consistent with that mission, we submit FOIA requests from time to time for records that may indicate how outside interests may be influencing EPA's implementation or interpretation of its statutory responsibility to protect health and the environment.

6.   EPA's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

7.   Plaintiff files this complaint for declaratory and injunctive relief against EPA for EPA's failure to timely respond to Plaintiff's FOIA request as required by law.

## JURISDICTION

8.   This action arises under the citizen suit provision of the Freedom of Information Act. 5 U.S.C. § 552 (a)(4)(B).

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.   This Court is a proper venue for all FOIA actions. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

11.   FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 20 (1974) ("With the express

vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

12. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws.  Consistent with our mission, we submit FOIA requests from time to time for records that may indicate how outside interests may be influencing EPA's implementation or interpretation of its statutory responsibility to protect health and the environment.

14. Defendant EPA is a government agency responsible for protecting human health and the environment.  Defendant EPA has possession, custody, and control of records to which Plaintiff EIP seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

15. The Freedom of Information Act requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such

request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution services from the FOIA Public Liaison. . . ." 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552 (a)(6)(B)(i).  This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry.  *Id*.  Thus, the statute mandates that an agency shall respond with a determination no more than 30 working days after receiving a FOIA request.  Upon any request for records, an agency shall make the records "promptly available."  5 U.S.C. § 552(a)(3)(A); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a determination to grant a request in whole or in part, it will release the records or parts of records…").

16. The Freedom of Information Act provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(6)(C)(i).

## FACTUAL BACKGROUND

17. The United States Senate confirmed Scott Pruitt as EPA Administrator on February 17, 2017.

18. On August 3, 2017, Plaintiff submitted a request for records of expenditures for all travel outside of Washington, DC by Administrator Pruitt, as well as any EPA staff that

accompanied the Administrator, from June 5, 2017 through June 12, 2017.  5 U.S.C. § 552; Ex. A.  This request included an offer to clarify and limit the request.

19. EPA confirmed that it received the request on August 3, 2017.  The FOIA tracking number for this request is EPA-HQ-2017-010139.  Ex. B.

20. On September 5, 2017, EIP Attorney Sylvia Lam sent an email to EPA's FOIA office to inquire about the status of the FOIA request, which included an offer to clarify the scope or subject matter of the request if necessary.  Email from Sylvia Lam, Attorney, EIP to hq.foia@epa.gov.  Ex. C.

21. On September 8, 2017, FOIA Expert Assistance Team (FEAT) Office Director Becky Dolph called EIP to state that EPA cannot provide an estimated amount of time for when production of the requested records can occur.  Email exchange between Sylvia Lam, Attorney, EIP and Becky Dolph, FEAT Office Director, EPA (Sept. 8, 2017).  Ex. D.

22. On September 15, 2017, EIP emailed Ms. Dolph to ask for a status update on the FOIA request.  Email exchange between Sylvia Lam, Attorney, EIP and Becky Dolph, FEAT Office Director, EPA (Sept. 15, 2017).  Ex. E.  Ms. Dolph estimated that EPA "may be able to respond to [EIP's] request by 10/31/2017."  Ex. E.

23. As of the date of filing this complaint, Defendant EPA has neither notified Plaintiff of any determination it may have made as to whether to comply with Plaintiff's FOIA request nor produced any responsive records.

24. Defendant has not reached out to Plaintiff to ask for clarification or asked for any time extensions.

## CAUSE OF ACTION:  VIOLATION OF FOIA

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24.

26. Count 1: Plaintiff has a statutory right to have EPA process Plaintiff's FOIA request and to receive notice of EPA's determination whether to comply which Plaintiff's FOIA within the timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

27. Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552(a)(6)(A)(i).  FOIA then requires that "each agency, upon any request for records…make the records promptly available…" 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

28. Declare Defendant's failure to timely respond to Plaintiff's FOIA request to be unlawful under the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)-(B).

29. Order Defendant to immediately identify any records already provided to third parties that would be responsive to this request and to provide such records promptly to Plaintiff.

30. Order Defendant to respond to Plaintiff's FOIA request and to provide Plaintiff with all other records identified in Plaintiff's FOIA request by no later than October 31, 2017. In the alternative, if the Agency determines that the remaining records are exempt from disclosure, make an appropriate filing that provides the legal and factual basis justifying such exemptions by October 31.

31. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

32. Retain jurisdiction to ensure compliance with the Court's decree.

33. Grant such other relief as the Court deems just and proper.

DATED: September 19, 2017

Respectfully submitted,

/s/ Eric Schaeffer_____
Eric Schaeffer, DC Bar No. 427669
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4440
eschaeffer@environmentalintegrity.org

*Counsel for Environmental Integrity Project*